IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DAVID GLENN MARTIN                                                                      PLAINTIFF

v.                                   CASE NO. 3:13CV00066 BSM

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                          DEFENDANT

## ORDER

Plaintiff David Glenn Martin appeals the final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits and supplemental security income. The decision of the commissioner is affirmed and Martin's complaint [Doc. No. 2] is dismissed with prejudice.

### I. LEGAL STANDARD

This review function, which is extremely limited, is to determine whether the commissioner's decision is supported by substantial evidence and to analyze whether the claimant was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is defined as relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). When determining whether the commissioner's decision is supported by substantial evidence, all of the evidence in the record is considered, including evidence detracting from the commissioner's decision. The commissioner's decision may not be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368

F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

## II. DISCUSSION

The history of the administrative proceedings and the facts relevant to the decision are contained in the parties' respective briefs and are not in serious dispute. Consequently, they will not be repeated here except as necessary. After careful consideration of the record in its entirety, it is determined that the commissioner's decision is supported by substantial evidence.

Martin bases his disability claim on degenerative disc disease, depression, anxiety, and chronic obstructive pulmonary disease. [Tr. 172]. Martin, who was 41 years old at the time of the hearing, obtained his GED, and has past relevant work experience as a forklift driver. [Tr. 34–35, 21]. The administrative law judge ("ALJ") assessed Martin's impairments using the mandatory five-step sequential evaluation process and determined that although Martin had severe impairments, those impairments did not meet or equal a listing. [Tr. 15–16]. He also concluded that Martin had the residual functional capacity to do less than a full range of light work. [Tr. 16]. Because a vocational expert testified that Martin was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, the ALJ determined Martin could perform alternative employment, and was not disabled under the Social Security Act. [Tr. 22].

On appeal, Martin argues that the ALJ's residual functional capacity determination, credibility determination, and Step 5 determination are all unsupported by substantial evidence. Pl.'s Br. at 1. The commissioner maintains that substantial evidence supports the

ALJ's findings that Martin was not disabled and the decision must be affirmed. Def.'s Br. at 3. The commissioner's determination is affirmed because the ALJ's decision is supported by substantial evidence.

Martin first argues that the ALJ erred in making his residual functional capacity determination. Specifically, Martin contends that the ALJ afforded "little weight" to the opinions of his treating physician, Dr. Darrell Hutchinson. It is clear that the ALJ must give the treating physician's opinion controlling weight when it is supported by proper medical testing and is not inconsistent with other substantial evidence in the record. *Anderson v. Astrue*, 2012 WL 5200098, at *2 (8th Cir. Oct. 23, 2012). The ALJ may, however, discount or even disregard a treating physician's opinion when other medical assessments are supported by better or more thorough medical evidence or when the treating physician renders inconsistent opinions that undermine the credibility of the opinion upon which the claimant relies. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010); 20 C.F.R. § 404.1527(c)(2). When an ALJ discounts or disregards a treating physician's opinions, he must provide "good reasons" for the weight given to the treating physician's opinion. *Id.*

The ALJ gave limited weight to Dr. Hutchinson's statement because it was inconsistent with Martin's activities of daily living and other evidence in the record. [Tr. 21]. In making this finding, the ALJ relied in part on a mental diagnostic evaluation that described Martin as "courteous, friendly, and fully alert," and that his thoughts were logical and goal directed. [Tr. 19–20]. The evaluation also opined that Martin was "doing well" on his depression medication. *Id.* The ALJ also noted that, despite Martin's claims of disability,

Martin was able to engage in a range of activities, including walking, feeding chickens, reading, performing light housework, mowing his lawn, driving and occasional fishing. [Tr. 17, 38–39, 468]. Based on the analysis provided by the ALJ, he did not err in giving limited weight to Dr. Hutchinson's opinion.

Next, Martin argues that the ALJ erred in his credibility determination because he failed to apply the appropriate legal standards. Pl.'s Br. at 22. It is true the ALJ must consider the *Polaski* factors in assessing the credibility of a plaintiff's subjective complaints of disabling symptoms. *Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). The ALJ, however, is not required to explicitly discuss each factor. *Id.* Also, while the ALJ cannot discount a claimant's allegations of disabling symptoms simply because they are unsupported by the objective medical evidence, he may find that the allegations are not credible "if there are inconsistencies in the evidence as a whole." *Id.* Ultimately, the reviewing court will defer to the ALJ's credibility assessment if the ALJ "explicitly discredits a claimant's testimony and gives a good reason for doing so." *Id.*

The ALJ questioned Martin's credibility, stating that his "daily activities are certainly not indicative of an individual who is completely unable to work." [Tr. 17]. At the time he applied for disability, Martin worked part-time as a delivery driver and later as a used car salesman. [Tr. 155, 163, 172–73]. Despite his claims of disability, Martin stated that he hunts and fishes with his father "all the time". [Tr. 468]. When asked why he closed his used car business, Martin gave several inconsistent answers, such as he could not get out of

bed to work, that he could not afford to renew his bond, or that he simply stopped because he was doing "dumb things with the business." [Tr. 36, 163, 468]. Taken as a whole, the lack of substantiating medical evidence in the record and Martin's inconsistent statements weigh against his credibility. Thus, the ALJ did not err in evaluating Martin's credibility.

Finally, Martin challenges the ALJ's Step 5 determination that there are existing jobs significant numbers in the national economy that Martin can perform. Pl.'s Br. at 24. Specifically, Martin contends that the testimony of the vocational expert is unreliable because the posed hypothetical question was an "incomplete portrayal of [Martin's] limitations." *Id.* The ALJ asked the vocational expert to consider a work model involving an individual of Martin's age, education, and work experience, who was capable of performing light exertional work. [Tr. 44]. The ALJ further stated that the hypothetical person could not climb ladders, could not be exposed to hazards or fumes, and could not perform complex tasks other than those consisting of one or two steps that could be learned and performed by rote, with few variables and little judgment. [Tr. 44–45]. Based on this hypothetical, the vocational expert concluded that jobs existed in significant numbers in the economy that Martin could perform, and Martin declined to ask the vocational expert any questions. [Tr. 45–46].

Martin argues that the ALJ's hypothetical was incomplete because it did not afford controlling weight to the opinion of Dr. Hutchinson. Pl.'s Br. at 25. As has been discussed above, however, the ALJ properly weighed Dr. Hutchinson's opinion and the ALJ did not

5

err in making his Step 5 determination.

After careful inspection of the entire record, it is concluded that the commissioner's decision is supported by substantial evidence. The commissioner's decision is therefore affirmed.

## III. CONCLUSION

The decision of the commissioner is hereby affirmed and Martin's complaint [Doc. No. 2] is dismissed with prejudice.

IT IS SO ORDERED this 26th day of March 2014.

_____
UNITED STATES DISTRICT JUDGE